

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 372 | **DATE** | 5/31/2001 |
| **CASE TITLE** | Rafael Murillo vs. Sandvik Process Systems, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's employer, Witco Chemical Corp., is a third party defendant in a claim for contribution by defendant Sandvik Process Systems, Inc. Plaintiff and Witco seek to resolve their differences and ask for a finding that the settlement constitutes a good faith settlement pursuant to the Ill Joint Tortfeasor Contribution Act. Sandvik objects. We find that the settlement constitutes a good faith settlement. Status hearing set for June 13, 2001 at 9:45am. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN -1 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| | Mail A 450 form. | ED-7 FILED FOR DOCKETING | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAY 31 AM 10: 23 | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RAFAEL MURILLO, )
)
    Plaintiff, )
)
vs. ) No. 98 C 372
)
SANDVIK PROCESS SYSTEMS, INC., )
)
    Defendant. )
)
)
SANDVIK PROCESS SYSTEMS, INC., )
)
    Defendant/Third )
    Party Plaintiff, )
vs. )
)
WITCO CHEMICAL CORPORATION, )
)
    Third Party Defendant. )

DOCKETED JUN - 1 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff's employer, Witco Chemical Corporation (Witco), is a third party defendant in a claim for contribution by defendant Sandvik Process Systems, Inc. (Sandvik). Plaintiff and Witco seek to resolve their differences and ask for a finding that the settlement constitutes a good faith settlement pursuant to the Illinois Joint Tortfeasor Contribution Act. Sandvik objects. We find that the settlement constitutes a good faith settlement.

Witco has a worker's compensation lien of a little more than $225,000. If it were found liable for contribution, its maximum exposure would be the loss of its lien, the $225,000 becoming an offset to the amount of any judgment Sandvik might be required to pay. If Witco were found not liable but Sandvik was found liable, Witco would recover as much as



approximately $169,000. Pursuant to the terms of the settlement, Witco waives approximately $109,000 of its potential recovery, restricting its possible recovery to $60,000.

Sandvik complains that is not enough, considering that plaintiff's demand is for $1.7 million (although there is no indication of what the actual value of the case may be) and that, according to defendant, Witco has a high degree of fault. We disagree. The settlement is supported by ample consideration, almost two-thirds of Witco's potential recovery. There is no indication of bad faith, fraud or collusion. In these circumstances the settlement is presumptively in good faith, as well it should be. Common experience tells us that competent counsel do not agree to unreasonable settlements. We approve the settlement. *See* <u>Alvarez v. Fred Hentze Construction</u>, 187 Ill.Dec. 364, 617 N.E.2d 821 (Ill.App. 2 Dist. 1993).

JAMES B. MORAN
Senior Judge, U. S. District Court

May 31, 2001.