Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 372 | **DATE** | 10/4/2001 |
| **CASE TITLE** | Rafael Murillo vs. Sandvik Process Systems, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion in limine to exclude evidence of subsequent remedial measures and Sandvik's post-manufacture safety campaign is denied. Status hearing set for October 16, 2001 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 0 5 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 OCT -4 PM 5: 25 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAFAEL MURILLO,                )
                               )
        Plaintiff,             )
                               )
    vs.                        )    No. 98 C 372
                               )
SANDVIK PROCESS SYSTEMS, INC., )
                               )
        Defendant.             )

## MEMORANDUM OPINION AND ORDER

Plaintiff Raphael Murillo filed a product liability suit against defendant Sandvik Process Systems, Inc., for injuries sustained on January 22, 1996, when plaintiff's left arm was pulled into a machine designed and manufactured by Sandvik. Plaintiff seeks recovery from Sandvik under a negligence theory. After the accident, plaintiff's employer, Witco Chemical Corporation ("Witco"), made safety improvements to plaintiff's work area, including installing safety equipment supplied by Sandvik in 1993 as part of a safety campaign. Although the equipment was in Witco's possession for about two years before plaintiff's injury, Witco did not install the equipment until after the January 1996 incident.

Plaintiff has now filed a motion *in limine* requesting the court to bar presentation of evidence relating to Sandvik's safety campaign and the failure of Witco to install retrofitting safety equipment until after plaintiff's accident. For the reasons set forth below, motion is denied.



## DISCUSSION

### Relevance to Negligence Defense

Plaintiff's first ground for barring the evidence of Sandvik's safety campaign and Witco's failure to install Sandvik's safety equipment is that the evidence is not relevant to a defense of the negligence claim against Sandvik. Both parties recognize that in a negligence action, unlike a strict liability action, a defendant's conduct is examined to determine if the defendant breached a duty owed to the plaintiff. In this motion plaintiff is not contesting that Sandvik's conduct be presented to the jury, instead, he is asking that the conduct presented be limited to the time period before Sandvik sold the machine involved in this action to Witco.

Plaintiff argues that the requirements of what a plaintiff must offer to establish a product liability cause of action sounding in negligence should also serve as a limitation for what a defendant can offer in defending the action. Plaintiff presents Illinois caselaw, which states that "[g]enerally, the relevant time period in a cause of action alleging the negligent manufacture of a product is the time of sale or manufacture." Carrizales v. Rheem Manufacturing Co., Inc., 226 Ill.App.3d 20, 41, 589 N.E.2d 569, 583, 168 Ill.Dec. 169, 183 (1st Dist. 1991). We follow this statement insofar as it goes, but the courts in Carrizales, and the additional supporting cases presented, were determining what evidence a plaintiff could present in establishing liability, and usually were working within the confines of the subsequent remedial measures evidentiary rule hereafter discussed. The cases presented that do discuss a defense to a negligent design or manufacture action only state possible ways to defend, not limitations on available defenses.

Neither party has offered precedent stating definitively that a defendant may or may not present evidence of conduct taken after a product has been put into the stream of commerce and before a cause of action involving that product arose. We believe the test comes down to one of relevance. Will this evidence help the jury to determine whether or not Sandvik breached a duty or whether the alleged breach was the proximate cause of plaintiff's injury? We believe it will.

Plaintiff also argues that a manufacturer has a non-delegable duty to produce a reasonably safe product. However well-founded, this argument seems misplaced since the issue presented by this motion is what conduct of the defendant may be examined in determining if the alleged duty has been met. Defendant's evidence will not be excluded under this ground.

### Adequacy of Pleadings

Plaintiff next argues that even if the disputed evidence is relevant to a Sandvik's defense, Sandvik should be kept from presenting it under Rule 8(c) of the Federal Rules of Civil Procedure, which requires that a party plead affirmative defenses. If an affirmative defense is not plead, then that defense is waived. Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 235 (7th Cir. 1991). This rule may not be strictly applied if through discovery a plaintiff is put on notice of the defenses to be used at trial. Fort Howard Paper Co. v. Standard Havens, Inc., 901 F.2d 1373, 1378 (7th Cir. 1990). In answering plaintiff's allegation of negligence, Sandvik states that it complied with any duties it may have had in manufacturing and designing the machine in this case. It also denies that "any condition of the product proximately caused or resulted in Plaintiff's alleged injuries,..." (Ans., ¶23).

Plaintiff argues that under Rule 8(c) this general denial by Sandvik constitutes a waiver of certain defenses, making the evidence offered to support those defenses irrelevant. Plaintiff asserts that Sandvik cannot now argue that it was originally negligent and then corrected the deficiencies, or that Witco's failure to install the safety equipment provided by Sandvik was a superceding cause of plaintiff's injuries. Rule 8(c) provides a list of specific defenses that must be affirmatively raised that do not include lack of proximate cause or superceding cause. It does however cover "any other matter constituting an avoidance or affirmative defense."

Sandvik's defense to the claim of negligence does not appear to be an affirmative defense, such as assumption of risk or contributory negligence, and is likely outside the scope of Rule 8(c). In any event, we find that the plaintiff has had sufficient notice of Sandvik's proposed defense. The evidence of Sandvik's safety campaign and Witco's failure to install equipment are not barred by Rule 8(c).

## Subsequent Remedial Measures

Plaintiff also asks that the contested evidence be excluded under Rule 407 of the Federal Rules of Evidence, which provides that evidence of measures taken after an event, that would have made the event less likely to occur, should not be admitted to prove negligence or culpable conduct. Rule 407 is usually invoked by a defendant seeking to exclude evidence of repair or change in design that is being offered by a plaintiff to show a defendant's implied confession of fault in the repairs not having been taken earlier. Kaczmarek v. Allied Chemical Corp., 836 F.2d 1055, 1060 (7th Cir. 1987). Illinois follows a corresponding rule, allowing evidence of subsequent remedial measures against a defendant only in limited circumstances. Herzog v. Lexington Township, 167 Ill.2d 288, 300-01, 212 Ill.Dec. 581, 587, 657 N.E.2d 926,

932 (1995).

Sandvik is the party seeking to present evidence of remedial measures. While not unheard of, a plaintiff seeking to bar evidence of subsequent remedial measures is unusual since the policy behind Rule 407 is "to encourage safety improvements by preventing their being used as evidence to show that the defendant should have made the improvements earlier." Traylor v. Husqvarna Motor, 988 F.2d 729, 733 (7th Cir. 1993). The policy behind the rule would most likely not be thwarted by allowing a defendant to offer evidence of a safety campaign to support its defense against a negligence claim. If anything, allowing Sandvik to use the evidence in its defense would provide incentive to manufacturers to make needed safety changes and educate prior buyers in ways to make a potentially harmful machine safer after the machine has left the manufacturers' control.

The court also recognizes that Sandvik's safety campaign was undertaken before the "event" in this case. While a court might determine the event in a product liability case to be the moment when a defendant placed a product into the stream of commerce, the event in an accident case such as this one should be the accident. Traylor, 988 F.2d at 733; Raymond v. Raymond Corp., 938 F.2d 1518, 1523 (1st Cir. 1991). Considering the timing of the remedial measures and the intended use of the evidence by the defendant, we find that the evidence falls outside of the scope of Rule 407.

## Availability of Superceding Cause Defense

Plaintiff's final ground for barring the evidence is that a superceding cause defense is not recognized by Illinois law in this situation and, as a result, the evidence offered to support that defense is irrelevant. In a case for negligence under Illinois law, a plaintiff must show by

a preponderance of the evidence that the defendant caused the plaintiff's injury or harm. Smith v. Eli Lilly, 137 Ill.2d 222, 232, 148 Ill.Dec. 22, 26, 560 N.E.2d 324, 328 (1990). A defendant can avoid liability if "the negligence charged does nothing more than furnish a condition by which the injury is made possible and that condition causes an injury by the subsequent, independent act of a third person ... the subsequent act is an intervening efficient cause which breaks the causal connection between the original wrong and the injury, and itself becomes the proximate or immediate cause." Merlo v. Public Service Co. of Northern Illinois, 381 Ill. 300, 316, 45 N.E.2d 665, 675 (1942). Illinois law also provides that an intervening act will not break the chain of proximate cause if that act was probable or foreseeable. Neering v. Ill. Cent. R. Co., 383 Ill. 366, 381, 50 N.E.2d 497, 504 (1943).

Plaintiff argues that there was no independent act in this case that could rise to the level of a superceding cause. Sandvik does not appear to be arguing that it is a third party's act that cuts off the proximate cause chain, but rather a third party's failure to act. Sandvik is proposing that Witco was negligent in failing to install equipment and that this negligence was the sole proximate cause of plaintiff's injury and cut off any liability Sandvik may have had. Plaintiff responds that even if Witco was negligent in not installing the safety equipment, this negligence would be so foreseeable that as a matter of law it could not be considered a separate superceding cause.

Plaintiff's arguments have some force on this issue of causation since this appears to be a situation where the machine involved in the accident was operating in the way it was originally designed and manufactured to operate. Cause is almost always a question for the jury, however, including determining whether an alleged tort was a superceding, intervening cause. Wehmeier v. UNR Industries, Inc., 213 Ill.App.3d 6, 32, 572 N.E.2d 320, 338, 157 Ill.Dec.

251, 269 (4th Dist. 1991). Even if Sandvik's alleged negligence is found to be a cause in fact of plaintiff's injury, Sandvik should have the opportunity to argue to the jury that it was not the proximate legal cause of the injury. After the presentation of the evidence the court can reconsider the question of whether as a matter of law there was no intervening force that could rise to the level of a superceding cause. The evidence will not be excluded under this ground.

## CONCLUSION

For the reasons above, plaintiff's motion *in limine* to exclude evidence of subsequent remedial measures and Sandvik's post-manufacture safety campaign is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 4, 2001.