# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 372 | **DATE** | 6/2/2003 |
| **CASE TITLE** | Rafael Murillo vs. Sandvik Process Systems, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant moves alternatively for judgment notwithstanding the verdict (now called a renewed motion for judgment as a matter of law), for a new trial and for remittitur. We deny the renewed motion for judgment as a matter of law and for a new trial, but we continue the motion for remittitur for further consideration. We ask the parties to submit additional memoranda by June 16, 2003, devoted solely to the issue of whether or not there should be a reduction in the award for disfigurement and, if so, by how much.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUN 0 3 2003 date docketed | | |
| ✓ | Docketing to mail notices. | | | 48 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUN -2 AM 9: 21 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in Central Clerk's Office COURT | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RAFAEL MURILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 98 372 |
| | ) | |
| SANDVIK PROCESS SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant moves alternatively for judgment notwithstanding the verdict (now called a renewed motion for judgment as a matter of law), for a new trial and for remittitur. We deny the renewed motion for judgment as a matter of law and for a new trial, but we continue the motion for remittitur for further consideration.

Defendant correctly notes that it cannot be held liable if the accident was not proximately caused by its actions but rather was solely caused by the negligence of another. It contends that the accident was solely caused by the failure of plaintiff's employer to install a safety guard which defendant had furnished to the employer almost two years before the accident (and which the employer installed shortly after the accident), and by the plaintiff's own negligence. There was evidence, however, that the rotoformer was negligently designed and that Sandvik routinely serviced the machine from time to time after delivery of the safety guard and there was no evidence that those personnel ever brought to the attention of the employer that it had failed to install the safety guard and that the failure continued a hazard that ultimately caused plaintiff's injury. The jury concluded that the injury was proximately

4 8

caused by the combined negligence of the plaintiff (5%), the defendant (40%) and the employer (55%), and, given the circumstances, that was a conclusion it reasonably could reach. The renewed motion for judgment as a matter of law is denied.

The motion for a new trial rests on several grounds. The first is the same one rejected as grounds for judgment, and we deny the motion for a new trial for the same reasons. The second is that defendant was unfairly prejudiced by our denial, on September 4, 2002, of defendant's motion to amend its answer to raise a contributory negligence defense. By then the case had been pending more than four and-a-half years, discovery had long since closed, and trial was scheduled for December 2, 2002, three months later. Defendant presented no compelling reasons why it should be permitted to change the issues practically on the eve of trial, and plaintiff represented that he had engaged in discovery on the basis that contributory negligence was not a defense and additional discovery would be necessary if amendment was allowed. We thought then, and think now, that the motion came too late, but we did permit defendant to argue plaintiff's negligence as part of its dominant proximate cause argument. In consequence, defendant lost a rather modest offset (the jury concluded plaintiff's negligence was 5% of the total negligence), but was able to include plaintiff's negligence in its dominant argument that others were the sole proximate cause of the injury. We adhere to that resolution.

A third reason advanced for a new trial is that the court erroneously failed to instruct on the law of intervening superseding cause. On March 12, 2003, we granted a motion to include the tendered jury instruction in the record as refused, and explained why on March 20, 2003. Such an instruction was tendered. During the instruction conference we discussed what defendant would be arguing to the jury. It was clear that defendant would seek to persuade

the jury that the accident was proximately caused by the employer and the plaintiff, not at all by the defendant, hoping that the jury would absolve the defendant or, if it ascribed some fault to defendant, it would ascribe less than 25% of the total fault, thus making it only severally liable for much of the verdict. 735 ILCS 5/2-1116. Thus, it was necessary to have a verdict form that apportioned fault and the argument necessarily was couched in terms of proximate causation, not intervening causes. In those circumstances, we believed that an intervening cause instruction, in addition to a proximate cause instruction, was unnecessary and, indeed, confusing. We thought defendant acquiesced, and, indeed, when we recited the results of the instruction conference for the record, we made no reference to that instruction and defendant raised no objections. However, because we have no recollection of defendant formally withdrawing it, we permitted it to be made part of the record. But we continue to believe it should not have been given.

The other grounds are more briefly discussed. In closing arguments plaintiff's attorney, on a few occasions, used "I think" comments that approached or perhaps even crossed the threshold of personalized argument, but those occasions were minor and in the context of an argument based on the evidence, hardly the stuff for upsetting a verdict. While the jury could have awarded less for past and future lost earnings, past and future pain and suffering, and past and future loss of normal life activities, based on defendant's cross examination of plaintiff's experts, and other evidence, it did not have to do so. The amounts were supported by evidence the jury was entitled to credit. The answers to questions submitted by the jury were crafted by the court during discussions with counsel and were agreed to by both parties. What a jury member may have said about the deliberations cannot be the basis for overturning

a verdict, Rule 606(b), except about extraneous prejudicial information or outside influences, and, in addition, we have no recollection of any comments about manipulating figures other than a reference to considering a higher figure prior to receiving an answer to one of the jury's questions. Nor is there any question about the accuracy of the verdict -- it was the verdict agreed to by all the jurors.

We recognize, however, that the verdict was very generous. We are particularly troubled by the $2,000,000 awarded for disfigurement. The scars are ugly, but they do not repel like a facial disfigurement might. The plaintiff was a blue collar worker well into his forties when the accident occurred. We question whether that award is outside the range of fair and reasonable compensation, see Best v. Taylor Machine Works, 228 Ill.Dec. 636, 658-59, 689 N.E.2d 1057 (Ill. 1997), but we are unprepared to rule without some additional consideration. Given the number of issues raised in the post-trial motion, scant attention was directed to the issue of remittitur. We ask the parties to submit additional memoranda by June 16, 2003, devoted solely to the issue of whether or not there should be a reduction in the award for disfigurement and, if so, by how much.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 2, 2003.