Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 372 | **DATE** | 7/7/2003 |
| **CASE TITLE** | Rafael Murillo vs. Sandvik Process Systems, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion respecting a remittitur is granted in part. We direct plaintiff to submit a draft order consistent with the ruling within seven (7) days which reflects his election.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 8 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 52 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 JUL -7 PM 3:35 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAFAEL MURILLO )
)
        Plaintiff, )
)
vs. ) No. 98 C 372
)
SANDVIK PROCESS SYSTEMS, INC., )
)
        Defendant. )

DOCKETED
JUL 0 8 2003

## MEMORANDUM OPINION AND ORDER

On June 2, 2003, we left open one issue: whether there should be a remittitur of a portion of the disfigurement damages. After consideration of the subsequently filed memoranda, we are persuaded that the disfigurement damages should be reduced to $1,000,000, but we have some uncertainty, as we will explain, as to how to frame the order.

There is legal uncertainty as to whether or not comparable cases should be consulted in reaching a decision. The Illinois cases say no. The Seventh Circuit has indicated *in dicta* that comparability, the federal procedure, does not implicate Erie. Jutzi-Johnson v. United States, 263 F.3d 753, 760 (7th Cir. 2001). But, ultimately, it makes no difference whether or not we consult comparable state cases. Plaintiff has a disfigured hand and wrist. He also has extensive scarring resulting from the skin grafts necessary to repair the hand/wrist injury. The skin grafting was, however, a considerable success. The photographs submitted by plaintiff, which are excellent, confirm what the court observed during trial: the graft results in a somewhat raised, abnormal skin area from the upper wrist to the fingers on the back of the hand, with a scar line delineating the location of the graft. There is also a highly visible

scar running from the left back to the abdomen, which ends with an indentation or "hole."

The legal standard is not in dispute. The jury's verdict is entitled to great deference. We should not substitute our judgment for that of the jury. We should order a remittitur only if we are convinced that the verdict was the result of passion or prejudice, shocks the judicial conscience or exceeds a fair and reasonable amount. We do not believe the verdict was the result of passion or prejudice, although it may well have been influenced, contrary to a response to a jury question, by an erroneous guess as to what the defendant would have to pay when it was less than 50 per cent at fault. We do believe, however, that the verdict exceeds a fair and reasonable amount to an extent that shocks the judicial conscience. Plaintiff is disfigured, but this is not a case in which the injured party cannot straighten her left elbow, her hand is so contorted that it is permanently fixed in a claw-like position and she also suffers from paralysis of one leg. Kresin v. Sears, Roebuck and co., 316 Ill.App.3d 433, 736 N.E.2d 171, 349 Ill.Dec. 329 (Ill.App.1 Dist. 2000). Nor is it a case in which the injured party suffered severe deformities to her right leg and foot, such that she has a "flail leg" that can turn in every direction and can bear no weight. Epping v. Commonwealth Edison Co., 315 Ill.App.3d 1069, 734 N.E.2d 916, 248 Ill.Dec. 625 (Ill.App.1 Dist. 2000). Plaintiff is a middle-aged male, considerably overweight, who expressed only limited concern about his disfigurement. As we have said before, the skin grafting was a success. We think disfigurement damages cannot exceed $1,000,000.

So what should we do? Customarily, we could order a new trial limited to disfigurement damages or condition denial of defendant's motion for a new trial on plaintiff's filing a remittitur of $1,000,000. It may well be that plaintiff, although disagreeing with the

remittitur, would prefer to accept if it means that he will soon thereafter recover the reduced judgment. But if he accepts it and defendant appeals, he will have lost immediate payment and also the right to contest the remittitur. And if he rejects it, there will be no final judgment until there is a new trial on the issue of disfigurement damages, followed, undoubtedly, by an appeal. For all concerned, including the Court of Appeals, we believe it makes the most sense if the order results in plaintiff being able to accept the remittitur if it leads to immediate recovery, but to be able to contest the remittitur if there is going to be an appeal in any event. That is not, of course, the only possibility in light of the court's ruling. Plaintiff must consider his options and decide. We direct plaintiff to submit a draft order consistent with the ruling within seven days which reflects his election

JAMES B. MORAN
Senior Judge, U. S. District Court

July 7, 2003.